Lucas NELSON and Shannon Robinson Nelson, Plaintiffs–Appellants,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST; Safeco Insurance Company of Illinois; and Irma Sullivan, individually, Defendants–Appellees.

No. 12–36042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2014.

Filed April 21, 2014.

Richard Buley, Esquire, Tipp & Buley, P.C., Missoula, MT, Tina Morin, Morin Law Firm, PLLC, Butte, MT, for Plaintiffs–Appellants.

Whitney M. Kolivas, Ian McIntosh, Crowley Fleck PLLP, Bozeman, MT, John E. Bohyer, Paul N. Tranel, Bohyer, Erickson, Beaudette & Tranel, PC, Missoula, MT, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, and RAWLINSON and BEA, Circuit Judges.

MEMORANDUM *

This case arises in diversity out of Montana. We review de novo the district court's order that granted summary judgment to Appellees, and we affirm. *Autotel v. Nevada Bell Tel. Co.,* 697 F.3d 846, 850

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2012). We conclude that under Montana law a common law action for bad faith insurance practices that does not involve workers' compensation does not accrue for statute of limitations purposes solely upon judgment in or settlement of an underlying claim against a defendant insurance company's insured. *Fode v. Farmers Ins. Exch.*, 221 Mont. 282, 719 P.2d 414, 417 (1986) (holding that a common law bad faith cause of action against an insurance company "may be filed to toll the statute of limitations" during the pendency of an underlying suit against tortfeasor insureds); *O'Connor v. Nat'l Union Fire Ins. Co.*, 320 Mont. 301, 87 P.3d 454, 458 (2004) (distinguishing Fode as "not a workers' compensation case"). Appellants' claims against defendants accrued under Montana law more than three years before they filed this suit and are therefore time-barred. Mont.Code Ann. §§ 27–2–102(1)(a) & 102(2), 27–2–204(1).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.